NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YUSEF STEELE,**<br><br>Plaintiff,<br><br>v.<br><br>**WARDEN CICCHI, et al.,**<br><br>Defendants. | Civil Action No. 09-3551 (MLC)<br><br>**OPINION & ORDER** |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Yusef Steele's Motion to Amend his Complaint [Docket Entry No. 72] in order to "correct deficiencies." Defendant Cicchi has filed a letter brief in opposition to Plaintiff's motion. All other Defendants join in Defendant Cicchi's opposition. The Court has fully reviewed the papers submitted in support of, and in opposition to, Plaintiff's motion and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's Motion to Amend his Complaint is GRANTED in part and DENIED in part without prejudice.

**I.    Background**

Plaintiff Yusef Steele ("Plaintiff") is an inmate of the Middlesex County Adult Correction Center ("Jail"). On or about February 3, 2009, Plaintiff was placed in administrative segregation. Plaintiff remained in administrative segregation for a period of approximately one month without being charged with a violation. Plaintiff contends that he was placed in administrative segregation because he offered advice to other inmates regarding a bail bondsman. He further contends that he was never informed that this behavior was a prohibited act. On or about July

17, 2009, Plaintiff commenced this action seeking relief in the form "$100,000 for each day [he] was in a false imprisonment." *Plaintiff's Complaint*, Docket Entry No. 1, at *7.  Plaintiff is representing himself, *pro se*.

The instant motion is Plaintiff's third attempt to amend the original Complaint.  On June 20, 2011, Plaintiff filed an amended complaint which was stricken due to Plaintiff's failure to file a formal motion pursuant to FED.R.CIV.P. 15(a)(2) [Docket Entry No. 44].  Shortly thereafter, Plaintiff requested a transfer to another facility where he contended would have more complete access to a law library [Docket Entry No.35].  Plaintiff's transfer request was denied on June 29, 2011 as this Court has no jurisdiction over Plaintiff's placement.  Per the Order entered on that date, Plaintiff was instructed to pursue administrative remedies for access to the law library or transfer to another facility  [Docket Entry No. 43].

On July 11, 2011, Plaintiff filed a Motion to Amend the Complaint but did not include a brief, certification or a proposed form of Amended Complaint [Docket Entry No. 46].  Soon after, Plaintiff filed a Motion to Supplement the Complaint pursuant to FED.R.CIV.P. 15(d) [Docket Entry No. 55].  Per the Court's Order dated August 25, 2011, Plaintiff's second Motion to Amend and Motion to Supplement the Complaint were denied [Docket Entry No. 59].

On September 9, 2011, the discovery schedule in this matter was stayed pending the resolution of outstanding discovery issues [Docket Entry No. 65].  Plaintiff informally submitted position papers and requests for subpoenas to the Court in November, 2011. The issue surrounding the subpoenas was recently resolved in the Court's Order dated January 30, 2012 [Docket Entry No. 83].  However, included in Plaintiff's submission regarding the discovery dispute was a request to amend.  Per the Court's Order on December 20, 2011, Plaintiff was again informed that he could file an appropriate motion if he wished to amend his Complaint

[Docket Entry No. 71].  Plaintiff has now filed such a motion.

Defendant has filed a brief in opposition to Plaintiff's Motion, and the other Defendants have joined in that opposition.  Defendants' objections rest primarily in their assertion that Plaintiff has not offered a reason for the delay in filing for this Amended Complaint.  Defendants request that the Court deny Plaintiff's motion and that the Court set dates for the filing of dispositive motions.

## II.   Discussion

### A.  Court's Interpretation of Plaintiff's Proposed Amended Complaint

Courts must construe submissions by *pro se* plaintiffs broadly.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  In this case, Plaintiff seeks to amend his complaint in order to "correct deficiencies."  However, it is unclear what deficiencies Plaintiff seeks to correct.  Plaintiff does not directly state how or why he seeks to amend his Complaint other than to indicate that the Proposed Amended Complaint was completed with "help from the prison law library."  *Plaintiff's Motion to Amend*, Docket Entry No. 72 at *2.  Due to the lack of information before it, the Court has compared Plaintiff's original Complaint to the Proposed Amended Complaint in order to determine what, if anything, Plaintiff seeks to add or alter.  To follow are the Court's findings with respect to Plaintiff's amendments.

Plaintiff does not assert any new factual allegations.  The factual basis of his claims remains the same.

It is evident, and Defendants agree, that Plaintiff does not seek to add new defendants to his Complaint.  However, Plaintiff does seek to sue each defendant in their individual, as well as

3

their official, capacity.

The Proposed Amended Complaint asserts two new causes of action: one for a violation of §1985 (Conspiracy to Interfere with Civil Rights) and one for violation of §1986 (Action for Neglect to Prevent).  However, the remainder of the Amended Complaint does not add new claims; but rather clarifies Plaintiff's §1983 claim. *Plaintiff's Proposed Amended Complaint*, Docket Entry No. 72-2, ¶1.  Prior to this proposed Amended Complaint, Plaintiff had not specified which of his Constitutional rights he alleges that Defendants violated; nor had any Court Order provided this clarification.  The Proposed Amended Complaint clarifies that Plaintiff's §1983 claim relates to Defendants' alleged violation of Plaintiff's First, Eighth and Fourteenth Amendment rights, and by subjecting him to cruel and unusual punishment, while acting under the color of State law[1]. *Id*, ¶19.

With respect to the damages sought, Plaintiff clarifies that he is seeking punitive and compensatory damages as well as declaratory relief and the costs of suit. *Id,* at *5.  As with Plaintiff's §1983 claim, the majority of the damages section of his Proposed Amended Complaint does not seek to add new damages; but clarifies exactly what he is seeking.  The only clarification to the relief requested that has the potential to affect other aspects of the case is Plaintiff's request for damages for "emotional distress;" the possible repercussions of which will be discussed below.

---

[1]Plaintiff's Proposed Amended Complaint also lists "negligence" and "official misconduct" in his section titled "Federal Recoveries;" however, the Court does not interpret those as separate causes of action, but rather as part of his overall §1983 claim. *Plaintiff's Proposed Amended Complaint*, Docket Entry No. 72-2, ¶19.

### B. Legal Standard

While a motion to amend should generally be freely given, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, the Third Circuit has held that unwarranted delay in amending a complaint can evidence bad faith and result in substantial prejudice to the opposing parties. *See Cureton v. Nat'l Collegiate Athletic Association*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Foman* v. Davis, 371 U.S. 178, 182 (1962).

In deciding whether to grant leave to amend under Rule 15(a)(2), "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or...'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v, Gould Inc.*, 739

F.2d 858, 868 (3d Cir. 1984).

### C. Analysis

Defendants' primary objection to Plaintiff's motion is that he has filed this motion in bad faith in an attempt to cause undue delay. However, the schedule in this matter, including the deadline for submitting dispositive motions, was stayed on September 9, 2011 pending the resolution of outstanding discovery issues [Docket Entry No. 65]. Thus, although this case has been pending for over two years, Plaintiff is, technically, not out of time for filing a motion to amend. The Court also notes that Plaintiff has attempted to Amend his Complaint on three separate prior occasions; albeit incorrectly. In addition, Plaintiff has indicated that, in the past, he has had limited access to the prison's law library. *June 20, 2012 Letter from Plaintiff*, Docket Entry No. 35.

Through this Proposed Amended Complaint, Plaintiff has finally produced a legible and an organized Complaint which provides clarification of the causes of action he asserts. Although Plaintiff could have brought this motion at an earlier juncture, the Court is inclined to grant Plaintiff certain latitude due to his status as a *pro se* litigant. In addition, the Court finds that Plaintiff's amendments, which clarify his existing claims, will serve to expedite the resolution of this case.

Further, the Court finds that Defendants will not be significantly prejudiced by the granting of Plaintiff's motion. Given the fact that Plaintiff's underlying claims and factual allegations remain the same, the Court finds that Defendants will not incur significant expense in filing an Amended Answer or otherwise responding; nor must additional resources be expended to prepare for trial. In addition, the Court finds that any prejudice to Defendants is minimal in

6

light of the positive effects that this Proposed Amended Complaint will have on future motion practice and proceedings in this case.  For example, Defendants, who have indicated that they will soon file a dispositive motion, will be able to tailor such a motion to the specific claims present in the Proposed Amended Complaint.

It should be noted that discovery in this matter ended on July 10, 2011.  Thus, any amendments which would require additional discovery would necessarily prejudice Defendants, impose a burden on the Court and delay the resolution of this matter.  Such amendments will not be permitted.

As discussed above, Plaintiff seeks to add very little to his original Complaint.  The bulk of the Proposed Amended Complaint serves to organize the statement of facts and clarify the existing charges and relief sought.  As such, Plaintiff's motion shall be granted to the extent that it clarifies his causes of action and requests for relief as outlined above.   Due to the fact that the underlying claims and defendants in this case have not changed, no further discovery will be needed and discovery will remain closed.

Plaintiff shall not be permitted to assert new causes of action; namely, his proposed §1985 and §1986 claims.  Nor shall Plaintiff be permitted to assert any causes of action against Defendants in their individual capacities.  This case has proceeded on the assumption that Defendants have been sued in their official capacities and Plaintiff has not suggested otherwise.  Further, allowing Plaintiff to assert causes of action against Defendants in their individual capacities may require further discovery.  As such, it will not be allowed.

Similarly, Plaintiff seeks damages for "emotional distress" in his "Relief" section of his Proposed Amended Complaint.  Allowing Plaintiff to request relief for same would potentially

7

require additional discovery regarding Plaintiff's mental state; thus, he shall not be permitted to seek damages on that basis.

Due to the fact that Plaintiff's motion is not granted in its entirety, the Court is left with a Proposed Amended Complaint on the docket which does not fully comply with the terms of this Order.  Plaintiff is, therefore, instructed to file an Amended Complaint consistent with the terms of this Order.  Specifically, he shall remove the portions of ¶1 which relate to §1985 and §1986 claims, he shall remove the portions of ¶¶4-7 which assert causes of action against Defendants in their individual capacities, and he shall remove the portion of his "Relief" section which relates to "emotional distress damages."  He cannot make any further additions or changes.  Plaintiff must submit his revised Amended Complaint to the Court no later than **March 9, 2012.**  Defendants shall submit their Amended Answers no later than 10 days after Plaintiff files his Amended Complaint.  They shall do so no later than **March 19, 2012.**

Finally, Defendants have requested that the Court set a date for the filing of dispositive motions.  As noted above, discovery in this matter is closed.  The only outstanding discovery issue is the subpoena for Speedy Bail Bonds CEO, Jose Vargas, which the Marshals shall serve at their earliest convenience. *See Letter Order dated January 30, 2012*, Docket Entry No.83.  Given the completeness of discovery and the fact that this Amended Complaint actually narrows the issues which are ripe for dispositive motion practice, this seems an appropriate time for setting such a deadline.  Accordingly, any dispositive motions shall be filed no later than **May 11, 2012** and made returnable **June 4, 2012.**

### III. Conclusion

For the reasons stated above, and for good cause shown

It is on this 17th day of February,

ORDERED that Plaintiff's Motion to Amend is GRANTED in part and DENIED in part without prejudice; and it is further

ORDERED that Plaintiff must file a revised Amended Complaint consistent with the terms of this Order no later than **March 9, 2012**; and it is further

ORDERED that Defendants shall file an Amended Answer or otherwise respond no later than 10 days after the filing of Plaintiff's revised Amended Complaint and not later than **March 19, 2012**; and it is further

ORDERED that dispositive motions shall be filed no later than **May 11, 2012** and made returnable **June 4, 2012**; and it is further

ORDERED that the Clerk of the Court shall terminate the aforementioned motion [Docket Entry No 72] accordingly.

    s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**