**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSEF STEELE,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN CICCHI, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 09-3551 (MLC)<br><br>**O P I N I O N** |

   **THE COURT** earlier recited the procedural history of the action.  (See generally dkt. entry no. 124, 7-9-12 Order).  We now repeat only those facts deemed germane to the instant dispute.

   **THE MAGISTRATE JUDGE**, on January 30, 2012, determined inter alia that the plaintiff, Yusef Steele, was entitled to serve a subpoena duces tecum ("the Subpoena") upon "Jose Varges" of Speedy Bail Bonds.  (See dkt. entry no. 83, 1-30-12 Letter Order at 5-6; see also dkt. entry no. 52-1, Subpoena.)[1]  The Magistrate Judge thus directed the United States Marshals Service ("USMS") to serve the Subpoena upon "Jose Varges".  (See 1-30-12 Letter Order at 5-6.)

   **THE DEFENDANT** Warden Edmond Cicchi thereafter filed a motion for summary judgment in his favor and against Steele.  (Dkt. entry

---

   [1] The Court earlier noted that the individual named by Steele as "Jose Varges" may actually be named "Jose Tarvez", "Jose Taveras", or "Jose Taveres".  (See 7-9-12 Order at 2, n.1.)

no. 115, Cicchi Mot.)  The remaining defendants, Deputy Warden F. Masone, Internal Affairs Sergeant Paul De Amicis, and Captain C. Barth, filed separate motions for summary judgment in their respective favors and against Steele.  (See dkt. entry no. 117, Masone Mot.; dkt. entry no. 118, De Amicis Mot.; dkt. entry no. 120, Barth Mot.)

**STEELE** did not file formal opposition to the defendants' respective motions for summary judgment.  He instead filed a letter where, inter alia, he: (1) requested additional time to file opposition papers; and (2) noted that the USMS had not yet served the Subpoena.  (Dkt. entry no. 122, 5-12-12 Letter at 22, 74.)  That letter was liberally construed as a motion to defer consideration of the defendants' respective motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  (See 7-9-12 Order at 3-4.)

**THE COURT** denied the defendants' respective motions for summary judgment without prejudice.  (See id. at 5.)  In so doing, the Court determined that Steele: (1) properly sought information from "Jose" of Speedy Bail Bonds pursuant to the Subpoena; (2) demonstrated that the information sought in the Subpoena materially affected his ability to file meaningful opposition papers; and (3) properly relied upon the USMS to serve the Subpoena.  (See id. at 4.)  The Court redirected the USMS to serve

the Subpoena and ordered the defendants to move anew for relief after seeking leave from the Magistrate Judge.  (See id. at 6.)

**THE MAGISTRATE JUDGE** thereafter ordered the defendants to file new motions for summary judgment by September 7, 2012.  (See dkt. entry no. 129, 7-27-12 Letter Order at 5.)  The defendants substantially complied with the Magistrate Judge's order.  (See dkt. entry no. 132, 2d Cicchi Mot.; dkt. entry no. 133, 2d Masone Mot.; dkt. entry no. 135, 2d De Amicis Mot. (filed on 9-10-12); dkt. entry no. 134, 2d Barth Mot.)

**THE PARTIES** have now reached the same impasse that the Court resolved through the 7-9-12 Order.  The USMS has not yet served the Subpoena.  The Court will accordingly, for good cause appearing, again deny the defendants' respective motions for summary judgment without prejudice.  The defendants may move anew for relief after: (1) the USMS serves the Subpoena; or (2) the Magistrate Judge, upon a showing by the parties that the USMS is unable to serve the Subpoena, grants the defendants leave to file such motions.

**THE COURT** will enter an appropriate Order.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Date:     September 13, 2012