**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSEF STEELE,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN CICCHI, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 09-3551 (MLC)<br><br>**O P I N I O N** |

    **THE COURT** earlier recited the procedural history of the action in detail insofar as it relates to the motions for summary judgment filed by the defendants on June 8, 2012 and September 7, 2012 ("Motions"), and the plaintiff's request that a subpoena duces tecum be served on the CEO of Speedy Bail Bonds ("Subpoena"). (See generally dkt. entry no. 124, 7-9-12 Order; dkt. entry no. 136, 9-13-12 Op.). We now recite only those facts deemed germane to the instant dispute.

    **THE PLAINTIFF** earlier asserted that he could not meaningfully file opposition to the Motions because he had not received documents in response to the Subpoena. (See generally 7-9-12 Order (interpreting the plaintiff's filings).) The Court thus denied the Motions without prejudice, pending service of the Subpoena. (See id. at 5; dkt. entry no. 137, 9-13-12 Order.) The Court ordered the United States Marshals Service ("USMS") to serve the Subpoena.

(See 7-9-12 Order at 6.) The Court also ordered the defendants to refrain from filing the Motions anew until (1) the USMS served the Subpoena, or (2) they otherwise were granted leave by the Magistrate Judge. (See 9-13-12 Order at 1-2.)

**THE MAGISTRATE JUDGE**, after learning that the USMS served the Subpoena, granted the defendants leave to move anew for relief on or before November 9, 2012. (See dkt. entry no. 138, 10-15-12 Order.) The defendants complied, each timely filing a motion for summary judgment in his favor and against the plaintiff. (See dkt. entry no. 139, New Cicchi Mot.; dkt. entry no. 140, New Masone Mot.; dkt. entry no. 141, New DeAmicis Mot.; dkt. entry no. 142, New Barth Mot. (collectively, "Defendants' Newly-Filed Motions").) But the plaintiff thereafter notified the Magistrate Judge's chambers that he was unable to meaningfully oppose the Defendants' Newly-Filed Motions because he still had not received documents in response to the Subpoena. (See generally dkt. entry no. 143, 11-15-12 Order.)

**THE MAGISTRATE JUDGE** ordered the plaintiff to file a motion to compel production or a written request for additional time to oppose the Defendants' Newly-Filed Motions by December 14, 2012. (See id. at 2.) It appears that the plaintiff thereafter timely filed both a motion relating to discovery and a written request for additional time to oppose the Defendants' Newly-Filed Motions.

(See dkt. entry no. 144, Pl.'s Request for Add'l Time (dated 12-10-12); dkt. entry no. 145, Pl.'s Mot. (dated 12-10-12).)  See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.")

**THE COURT** has determined that the issues related to the Subpoena must be resolved before the Court may consider the Defendants' Newly-Filed Motions.  For good cause appearing, the Court will thus deny the Defendants' Newly-Filed Motions without prejudice and refer the plaintiff's motion and request for additional time to the Magistrate Judge.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing the Court's inherent power to control the docket); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 141 (3d Cir. 2004) (same); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (same).

        s/ Mary L. Cooper  
        **MARY L. COOPER**  
        United States District Judge

Date:   December 28, 2012