NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSEF STEELE,<br><br>   Plaintiff,<br><br>   v.<br><br>WARDEN EDMOND CICCHI, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 09-3551 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

Before the Court are the plaintiff's motion for reconsideration (see dkt. entry no. 224), motion to vacate judgment (see dkt. entry no. 225), and motion to correct the record. (See dkt. entry no. 223.) The Court will deny each motion.

BACKGROUND

The facts and procedural history are detailed in this Court's December 9, 2013 Memorandum Opinion. (See dkt. entry no. 205 at 1-8.) On May 23, 2014, this Court granted the defendants' motion for summary judgment. (See dkt. entry no. 221, Mem. Op.; dkt. entry no. 222, Order & J.)

DISCUSSION

**I.   Motion for Reconsideration**

The plaintiff moves for reconsideration under the "local rules." (See dkt. entry no. 224.) Local Civil Rule 7.1 permits the moving party to file a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion by the

Judge or Magistrate Judge." L.Civ.R. 7.1(i).  This Court granted the defendants' motion for summary judgment on May 23, 2014.  (See Mem. Op.; Order & J.)  The plaintiff apparently dated the appended certificate of service on June 1, 2014, however, the prison mailed the motion on June 11, 2014.  (See dkt. entry no. 224-2.)  Because the plaintiff is pro se, the Court will apply the mailbox rule and assume that the plaintiff delivered the motion to the prison authorities on June 1, 2014.  Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003) (stating that under the mailbox rule, which was specifically designed for pro se prisoners, the filing date is "the date on which a prisoner transmitted documents to prison authorities").  Accordingly, the Court will not deny the motion for reconsideration as untimely.  Martin v. Keitel, No. 06-5798, 2007 WL 1175736, at *1 (D.N.J. Apr. 18, 2007) ("Taking into account plaintiff's pro se status…the Court will exercise its discretion to consider the out-of-time motion."); see also L.Civ.R. 83.2(b) (stating local rules may be relaxed if adherence would cause surprise or injustice).

  Even assuming the motion was timely filed, reconsideration is not warranted because the plaintiff fails to raise any new argument.  See Arista Records v. Flea World, 356 F.Supp.2d 411, 416 (D.N.J. 2005); Tehan v. Disability Mgmt. Serv., 111 F.Supp.2d 542, 549 (D.N.J. 2000).  A motion for reconsideration is "an extremely limited procedural vehicle" that is granted sparingly.  Tehan, 111 F.Supp.2d at 549 (internal citation and quotation omitted); see also Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004).  Reconsideration is generally limited to correcting manifest errors of law or analyzing newly-discovered evidence.  See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A court may grant a motion for reconsideration when the movant shows at least one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) it is necessary to correct a clear error of law or fact, or will prevent manifest injustice. See id.; Cataldo, 361 F.Supp.2d at 432-33. Reconsideration is not warranted, however, where: (1) the movant merely recapitulates the prior cases and arguments; or (2) the movant's apparent purpose is to express disagreement with the court's initial decision. See Flea World, 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549-50 (stating "[m]otions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision"). Rather, the motion is reserved for situations where the district court failed to consider facts or controlling legal authority. Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007).

The Court, having carefully reviewed the plaintiff's motion for reconsideration, finds that the plaintiff fails to establish that this Court overlooked facts or controlling legal authority. (See dkt. entry no. 224.) Rather, the majority of the motion reiterates facts and argument that the Court has already considered. (See id. at 6-7.) See Mauro, 238 Fed.Appx. at 793-94; Flea World, 356 F.Supp.2d at 416, 430; Tehan, 111 F.Supp.2d at 549. The plaintiff, for example, continues to assert that "summary judgment cannot be in favor of the defendants" without raising additional facts or points of law. (See, e.g., dkt. entry no. 224 at 3-5 ("I was placed in Administrative Segregation as punishment by just being friends with Speedy Bail Bonds.").) The Court, however, previously addressed such arguments. (See, e.g., Mem. Op. at 3 ("Defendants then placed Plaintiff in

3

administrative segregation 'to prevent him from imposing any additional security risks in the facility and to allow further investigation into Speedy's activities without his interference.'").) Accordingly, the Court will deny the plaintiff's motion for reconsideration as meritless.

**II.     Motion to Vacate Judgment**

The plaintiff moves to vacate judgment pursuant to Federal Rule of Civil Procedure 60, although he does not specify the provision of the rule upon which he relies. The Court will assume he moves under Rule 60(a), however, because the plaintiff references alleged clerical errors in support of the motion. (See dkt. entry no. 225 at 3-4.)[1] Specifically, the plaintiff alleges that he did not receive notice to oppose the defendants' motion for summary judgment and a delay in entering his motion for discovery and to amend the complaint on the docket. (See id.)

The plaintiff's motion to vacate judgment warrants no relief. Even assuming the alleged clerical errors occurred, the remedy is not to vacate the order resolving the motion for summary judgment. Tuskegee N. Advocacy Grp. v. Ctrs. for Disease Control & Prevention, No. 09-5011, 2010 WL 1558715, at *1-2 (E.D. Pa. Apr. 19, 2010) (denying the plaintiff's motion to vacate due to insufficient "evidence that the Clerk's Office deliberately withheld the Order from plaintiff" and the "alleged clerical errors [had] nothing whatsoever to do with the court's decision"); Fed. Deposit Ins. Corp. v.

---

[1] Rule 60(a) permits courts to "correct a clerical mistake…on motion or on its own" for errors that are "mechanical in nature, apparent on the record, and involving an error of substantive judgment." Fed.R.Civ.P. 60(a).

Barness, 484 F.Supp. 1134, 1141 n.6 (E.D. Pa. 1980) (exercising the court's power under Rule 60(a) and denying the defendant's motion to vacate because typographical and clerical errors are not grounds for a court to vacate judgment).  Accordingly, the plaintiff's motion to vacate judgment will be denied.[2]

## CONCLUSION

For the reasons stated, the Court will deny the plaintiff's motion for reconsideration, motion to vacate judgment, and motion to correct the record.  The Court will issue an appropriate order.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  September 4, 2014

---

[2] Because the Court will deny the plaintiff's motion for reconsideration and motion to vacate judgment, the plaintiff's separate motion to correct the record will be denied as moot.